# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07cr65

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | **ORDER COMPELLING** |
| | ) | **PRODUCTION OF** |
| **KENNETH HOWARD TARZWELL.** | ) | **MEDICAL RECORDS** |
| _____ | ) | |

**THIS MATTER** is before the court upon the government's Motion to Release Medical Records. Communications between a physician and patient are privileged under North Carolina law. At common law, no physician-patient privilege existed, but one was created by legislative act. See N.C. Gen. Stat. Chap. 8-53. The North Carolina Court of Appeals found that the legislative creation of the privilege

> [R]epresents a legislative choice between competing public concerns. It embraces the goal of medical staff candor at the cost of impairing ... access to evidence.

Cameron v. New Hanover Memorial Hosp., 58 N.C. App. 414, 436, rev. denied, 307 N.C. 127 (1982) (quoting Matchett v. Superior Court of Yuba County, 40 Cal. App. 3d 623, 629 (1974).

In keeping with the tenor of North Carolina's legislatively created privilege, the court finds that production of such records is necessary for the further prosecution of this case, and that both the defendant's and the public's interest in justice greatly

outweigh the privacy concerns of the patient in this particular matter. Based on such need, the undersigned finds that the "proper administration of justice" requires production of such records. N.C. Gen. Stat. Chap. 8-53.

Equally, the court has considered such production under HIPPA, and finds that the proper administration of justice and the need for disclosure outweigh the patient's interest in privacy. 45 C.F.R. § 164.512(e) & (f)(1).

Based on such findings, the court directs MISSION HOSPITALS and BROUGHTON HOSPITAL to produce the following medical records:

**Patient: KENNETH HOWARD TARZWELL**

**Date of Birth: 4/17/1975**

**Date of Service: June 5, 2007- June 7, 2007**

**Records Required by this Order: Entire record for such patient for such dates, excluding X-Ray films, any other similar oversized record, or other record that cannot be readily duplicated via copier.**

Counsel for the government's shall be responsible for serving this Order on MISSION HOSPITALS and BROUGHTON HOSPITALS. MISSION HOSPITALS and BROUGHTON HOSPITAL are advised that Local Civil Rule 45.1(b), *et seq.* permits delivery of such materials in a manner similar to delivery in state court, thereby avoiding having an employee appear personally in court.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the government's Motion to Release Medical Records (#15) is **ALLOWED,** and the custodian of the records at MISSION HOSPITALS and BROUGHTON HOSPITAL is, hereby, **DIRECTED** to provide the United States with a copy of all medical records in its possession specified above by delivering such to the Clerk of this Court not later than September 7, 2007, in the manner specified by Local Civil Rule 45.1(b), *et seq*.

The Clerk of this court is upon receipt of such documents authorized to give such package to the United States Attorney or her designee, who shall promptly make two copies, providing one of the copies to counsel for defendant, and then return such package to the Clerk of this court for safekeeping. Disclosure of such records outside this proceeding is prohibited.

Signed: August 21, 2007

Dennis L. Howell
United States Magistrate Judge